UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:26-CV-00123 |
| | § | |
| RAYMOND, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM & RECOMMENDATION**

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 18). The M&R recommends that the Court:

- GRANT Plaintiff's Motion for Default Judgment (D.E. 16).
- ISSUE a declaratory judgment in Plaintiff's favor, declaring that:
    - the material allegations of Plaintiff's complaint are deemed admitted;
    - a default occurred on the Note executed by Defendant on or about February 1, 2016, and the amount of indebtedness remains due and unpaid;
    - there is a Deed of Trust encumbering the Property located at 3178 FM 666, Robstown, Texas 78380;
    - Plaintiff is the owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee, as defined in section 51.0001 of the Texas Property Code;
    - the Deed of Trust signed by Defendant and Decedent Stacy Rebecek provides that Plaintiff, as the current owner of the Note and beneficiary of the Deed of Trust, has a lien security interest on the Property located at 3178 FM 666, Robstown, Texas 78380 in the event of default on the obligations of the Note;

*States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, L.P.*, No. 4:14-CV-02700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.) (citation omitted).

Having reviewed the proposed findings and conclusions of the Magistrate Judge, the filings of the parties, the record, and the applicable law, and finding that the M&R is not clearly erroneous or contrary to law, the Court **ADOPTS** the M&R in its entirety. (D.E. 18). Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment (D.E. 16). The Court further **ISSUES** a declaratory judgment in Plaintiff's favor, declaring that:

- the material allegations of Plaintiff's complaint are deemed admitted;
- a default occurred on the Note executed by Defendant on or about February 1, 2016, and the amount of indebtedness remains due and unpaid;
- there is a Deed of Trust encumbering the Property located at 3178 FM 666, Robstown, Texas 78380;
- Plaintiff is the owner and holder of the Note, beneficiary of the Deed of Trust, and mortgagee, as defined in section 51.0001 of the Texas Property Code;
- the Deed of Trust signed by Defendant and Decedent Stacy Rebecek provides that Plaintiff, as the current owner of the Note and beneficiary of the Deed of Trust, has a lien security interest on the Property located at 3178 FM 666, Robstown, Texas 78380 in the event of default on the obligations of the Note;
- the requisite notices of default and acceleration were sent as required by the Deed of Trust and the Texas Property Code;
- the outstanding balance of the Note, pre-judgment interest, post-judgment interest, from the date of the judgment until paid, and costs of court are secured by the Deed of Trust;

- because of default on the Note, Plaintiff may enforce its *in rem* judgment against the Property through nonjudicial foreclosure of the Property, pursuant to the Deed of Trust and section 51.002 of the Texas Property Code, by conducting a public auction in conjunction with all regularly scheduled nonjudicial foreclosure sales on the first Tuesday of the month;
- Plaintiff may further communicate with Defendant and all third parties reasonably necessary to conduct the foreclosure sale;
- Plaintiff is awarded costs and attorney fees to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i); and
- the award of any fees, costs, or interest is not an award of personal liability against Defendant but instead will be added as a charge to the total debt owed by Defendant and collected against the Property at the time of foreclosure.

Finally, the Court **DIRECTS** Plaintiff to submit a subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(b)(i) and a proposed bill of costs **within fourteen (14) days** of this Order. The Court will enter final default judgment after the time for Plaintiff to submit a proposed bill of costs has expired.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 15th, 2026