United States District Court
Southern District of Texas
ENTERED
October 27, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:26-CV-00123 |
| | § | |
| RAYMOND J. REBECEK, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The district court previously granted a default judgment in favor of plaintiff Select Portfolio Servicing, Inc. ("Select"). (Doc. No. 21.) Select has now moved for an award of attorney fees. (Doc. No. 22.) That motion has been referred to the undersigned for review. (Doc. No. 23.) The district court should GRANT Plaintiff's motion.

## *A. Relevant background.*

Details about the procedural history of this case are found in the undersigned's memorandum and recommendation on Select's motion for default judgment. (Doc. No. 18.) In brief, in this foreclosure case Select sued to foreclose on defendant Raymond J. Rebecek's residence (the "Property"). (Doc. No. 1, p. 2 ¶ 7.) Rebecek failed to respond to the lawsuit. After review, the undersigned recommended, and the district court found, that Select was entitled to default judgment. (Doc. No. 18, pp. 17-18; Doc. No. 21.) Upon granting the default judgment, the district court ordered Select to submit a motion for attorney fees and costs within 14 days. (Doc. No. 21, p. 3.) Select has now filed that motion. (Doc. No. 22.)

***B. Evidence submitted.***

Select has submitted the following evidence in support of its motion for attorney fees:

- A declaration from attorney Crystal G. Gibson, along with Ms. Gibson's resume (Doc. No. 22-1, pp. 2-5, 7-8);
- Billing invoices from Ms. Gibson's law firm, Mackie Wolf Zientz & Mann, P.C. ("Mackie Wolf") (*id.* at 10-22);
- Invoices for service of process upon Rebecek, including investigation to determine his whereabouts (*id.* at 24-28);
- The 2015 Hourly Fact Sheet produced by the State Bar of Texas' Department of Research and Analysis (published in August 2016) (*id.* at 30-58); and
- The 2020 Paralegal Compensation Survey produced by the State Bar of Texas' Department of Research and Analysis (*id.* at 60-68).

***C. Discussion.***

***1. Legal standard.***

Diversity jurisdiction forms the basis for this case's presence in federal court, so Texas law applies to this attorney fee question. *See PHH Mortgage Corp. v. Harrison*, No. 5:22-CV-81, 2023 WL 8191122, at *7 (S.D. Tex. Sept. 27, 2023) (dos Santos, M.J.), *adopted*, 2023 WL 8195227 (S.D. Tex. Nov. 27, 2023) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). In Texas, a party may recover attorney fees only when a statute or contract allows it. *See id.* (citing *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011)). Attorney fees may be recovered pursuant to mortgage contracts and deeds of trust. *See Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1040 (5th Cir. 2014); *Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011). In this case, the

mortgage note and deed of trust securing the Property both contemplate the award of attorney fees and costs. *See* Doc. No. 1-1, pp. 11 (note), 26 (deed of trust).

To merit award, attorney fees must be both reasonable and necessary for the prosecution of the lawsuit. *See PHH Mortgage Corp.*, 2023 WL 8191122, at *7 (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991)). In Texas, attorney fees are calculated using the "lodestar" method. First, the court determines the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. Then, the court determines the number of hours reasonably expended. Finally, the court multiplies the hours reasonably expended by the reasonable hourly rate: the product is the lodestar figure. *See Ross Dress for Less, Inc. v. ML Development LP*, Civ. No. H-20-978, 2022 WL 2704545, at *2 (S.D. Tex. July 12, 2022) (Rosenthal, J.). Once the lodestar is determined, the court determines whether to increase or decrease the amount, considering several factors, including:

> [T]he time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly, the fee customarily charged in the locality for similar legal services, the amount involved and the results obtained, the experience, reputation, and ability of the lawyer or lawyers performing the services, whether the fee is fixed or contingent on results obtained, the uncertainty of collection before the legal services have been rendered, and results obtained.

*Id.* (quoting *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501 (Tex. 2019) (cleaned up)). There is a strong presumption towards the reasonableness of the lodestar rate without adjustment under these factors. *See id.* (citing *Calsep A/S v. Intelligent Petroleum Software Solutions, LLC*, No. 4:19-CV-1118, 2022 WL 508334, at *6 (S.D. Tex. Feb. 18, 2022) (Palermo, M.J.)).

Select bears the burden of demonstrating the reasonableness of the attorneys' and paralegal's hours and the hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (fee

applicant bears burden of establishing entitlement to award); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (party seeking award bears burden of documenting hours expended on litigation and the value of those hours).

***2. Analysis of submitted evidence.***

In its motion, Select seeks attorney fees of $3,360.00 and paralegal fees in the amount of $1,224.00, plus $1278.33 in costs, for a total of $5,862.33. (Doc. No. 22, p. 2.) Select does not seek any upward adjustment, apparently seeking only the lodestar. Select has provided a declaration from attorney Gibson, along with evidence and descriptions of the services provided by Mackie Wolf, the number of hours billed by each attorney and paralegal, and the qualifications of each attorney and paralegal who worked on this case. *See* Doc. No. 22-1, pp. 2-5. The documentation that Select has submitted with regard to work performed by Mackie Wolf sufficiently describes the work done, hours expended, and hours claimed, and is supported by Ms. Gibson's declaration. The work performed by Mackie Wolf is consistent in type and quantum with that necessary to litigate a case of this nature.[1] After careful review, the undersigned concludes that the submitted evidence is adequate to support Select's contention that the number of hours claimed by Mackie Wolf is reasonable.

The submitted evidence further indicates that the hourly rate of $200 for work by attorney Gibson and the other Mackie Wolf attorneys in this case are reasonable, as well as the $85 hourly rate for the three Mackie Wolf non-legal professionals who billed for work on the case. Ms. Gibson's uncontested declaration indicates that the rates are reasonable for work of this type

---

[1] By way of example, Mackie Wolf's billing records supporting the claimed attorney fee reflect that the firm researched and drafted the complaint, the motion for substitute service, and the motions for entry of default and default judgment. (Doc. No. 22-1, pp. 10-22.)

performed in the Dallas-Fort Worth area and are consistent with rates that the firm charges for other matters of this type. (Doc. No. 22-1, p. 3.)

An uncontroverted attorney affidavit testifying to the attorney qualifications, reasonableness of the attorney fees, and the basis for the opinion may be sufficient to support an award of attorney fees. *See PHH Mortgage Corp.*, 2023 WL 8191122, at *8 (citing *Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App. – Fort Worth 1997, no writ) ("Where ... trial counsel's testimony concerning attorney fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so.")).

The undersigned's review of Select's submitted information indicates that, based on counsel's experience, the reasonableness of the hourly rates broken down by the senior attorney of record, other counsel, and staff, and the reasonable number of hours expended by each, the documented hours of legal work are commensurate with what would be reasonable and necessary for this case and that the total fee reflects a reasonable hourly rate. Select's submitted information yields a like outcome with regard to the claimed costs. The submitted evidence is legally sufficient for an award of the attorney fees and costs. *See In re Estate of Tyner*, 292 S.W.3d 179, 184 (Tex. App. – Tyler 2009, no pet.). The district court should therefore grant Select's motion for award of attorney fees and costs incurred by the work of Mackie Wolf.

***D. Conclusion and recommendations.***

The district court should GRANT Select's motion for award of attorney and paralegal fees and costs (Doc. No. 22). The district court should award attorney fees of $3,360, paralegal fees of $1,224.00, and costs of $1278.33 (a total of $5,862.33) to Mackie Wolf. The district court should enter final judgment consistent with Select's proposed order and its prior order granting default judgment. Post-judgment interest should accrue at the applicable statutory rate.

***E. Notice.***

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on October 27, 2026.

MITCHEL NEUROCK
United States Magistrate Judge